UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DAVID SHANNON, JR.,

    Plaintiff,

  v.

BANK OF AMERICA, N.A., et al.,

    Defendants.

No. 16 CV 11728

Judge Manish S. Shah

**MEMORANDUM OPINION AND ORDER**

Plaintiff David Shannon, Jr. alleges a defective assignment of his mortgage. He brings claims against Bank of America, N.A., BAC Home Loan Services, Inc., U.S. Bank, N.A., and Countrywide Home Loans Services for negligence, breach of fiduciary duty, and fraudulent concealment. Shannon also alleges a violation of the Fair Housing Act. Defendants Bank of America and Countrywide move to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). For the reasons stated below, the motion is granted.

**I.    Legal Standards**

A court must dismiss an action if it determines, at any time, it lacks subject-matter jurisdiction, Fed. R. Civ. P. 12(h)(3), and a defendant may move to dismiss an action for lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). A court may look outside of the complaint's allegations and consider whatever evidence has been submitted on the issue of jurisdiction. *Ezekiel v. Michel*, 66 F.3d 894, 897 (7th Cir.

1995). The plaintiff bears the burden of proving that jurisdiction is proper. *Transit Express, Inc. v. Ettinger*, 246 F.3d 1018, 1022 (7th Cir. 2001) (citation omitted).

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain factual allegations that plausibly suggest a right to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). The court must accept all factual allegations as true and draw all reasonable inferences in the plaintiff's favor, but need not accept legal conclusions or conclusory allegations. *Id*. at 678–79. With a 12(b)(6) motion, a court may consider only allegations in the complaint, documents attached to the complaint, documents that are both referred to in the complaint and central to its claims, and matters of public record. *Levenstein v. Salafsky*, 164 F.3d 345, 347 (7th Cir. 1998); *Anderson v. Simon*, 217 F.3d 472, 475 (7th Cir. 2000).

## II. Facts

The complaint alleges that on January 7, 2005, the mortgage on plaintiff David Shannon, Jr.'s property, located at 457 Jackson Boulevard, Hillside, Illinois 60162, was assigned from MERS to defendant U.S. Bank, N.A. [1] at 6.[1] But neither MERS nor defendants obtained authorization from certain beneficiaries of the mortgage or of the deed to the property before the assignment. *Id*.

Defendants assert that the complaint alleges an incorrect date for the assignment, and that the mortgage was not assigned directly from MERS to U.S. Bank. They submit with their motion a number of exhibits, including a January 29,

---

[1] Bracketed numbers refer to entries on the district court docket.

2008 note and mortgage document concerning Shannon and the property, documents related to a series of assignments of that mortgage, and documents associated with a foreclosure and sale of the property. The documents reflect the following assignments: 1) an April 12, 2011 assignment from MERS to BAC Home Loans Servicing, LP f/k/a Countrywide Home Loans Servicing, LP; 2) a July 5, 2013 assignment from Bank of America, N.A., as successor by merger to BAC Home Loans Servicing, LP, to the Secretary of Housing and Urban Development; 3) a July 23, 2013 assignment from the Secretary of Housing and Urban Development to RBS Financial Products, Inc.; 4) a December 2, 2013 assignment from RBS Financial Products, Inc. to U.S. Bank, N.A., as Trustee for the GRA Legal Title Trust 2013-1; and 5) a December 2, 2013 assignment from that entity to U.S. Bank in its capacity as Trustee for GMAT Legal Title Trust 2013-1. Defendants also submit documents showing that in 2016, an Illinois court entered judgment for foreclosure and sale of the property, and the property was sold to GMAT Legal Title Trust 2013-1, U.S. Bank, National Association, as Legal Title Trustee.[2]

---

[2] Defendants argue that each document they submitted is either referred to in the complaint and central to its claims, or a publicly-available document, and that in either case, the documents may be considered on a motion to dismiss. Shannon does not dispute the authenticity of the documents or object to their submission. In addition, the complaint lists two identification numbers associated with the mortgage documents at issue, and one of those numbers appears on one of the assignment documents submitted by defendants (as an identification number assigned by the Cook County Recorder of Deeds). But one of the numbers does not. That there is at least one match means both parties are referring to the same mortgage, though Shannon's claim may involve another, as-yet-unidentified contract, as well. To the extent the claims are based on the January 29, 2008 mortgage, and the documents are publicly filed records, the exhibits will be considered on this motion.

## III. Analysis

### A. The 12(b)(1) Motion

Defendants argue that the complaint should be dismissed for lack of subject-matter jurisdiction under the *Rooker-Feldman* doctrine, which "precludes lower federal court jurisdiction over claims seeking review of state court judgments . . . [because] no matter how erroneous or unconstitutional the state court judgment may be, the Supreme Court of the United States is the only federal court that could have jurisdiction to review a state court judgment." *Taylor v. Fed. Nat. Mortg. Ass'n*, 374 F.3d 529, 532 (7th Cir. 2004), *as amended on denial of reh'g and reh'g en banc* (Aug. 3, 2004) (quoting *Brokaw v. Weaver*, 305 F.3d 660, 664 (7th Cir. 2002)). The doctrine applies to a claim if it directly seeks to set aside a state court judgment, or if it is "inextricably intertwined" with a state court judgment. *Id.* at 533. A claim is inextricably intertwined when it "alleges that the injury was caused by the state court judgment, or, alternatively, [when] the federal claim alleges an independent prior injury that the state court failed to remedy." *Id.* (citing *Long v. Shorebank Development Corp.*, 182 F.3d 548, 555 (7th Cir. 1999)). If a federal claim is inextricably intertwined with a state court judgment, and if the plaintiff had a reasonable opportunity to raise the issue in state court proceedings, then the *Rooker-Feldman* doctrine bars the claim. *Id.* (citing *Brokaw*, 305 F.3d at 668).

Defendants argue that Shannon's true goal in this action is to undermine the decisions of the state court in the foreclosure action. That court entered judgment

4

for foreclosure and sale of the property on February 22, 2016, and entered an order on October 18, 2016, approving the sale to U.S. Bank (in its capacity as trustee of a trust) and directing the Sheriff of Cook County to evict Shannon from the property within 60 days. *See* [11-11] at 6–7. Defendants do not discuss whether Shannon had an opportunity to raise the defective assignment issue in the state court action, but it is likely that Shannon's challenge to an assignment of the mortgage is also a challenge to the foreclosure judgment and approval of the sale of the property. The complaint does not specify what relief Shannon seeks, but if Shannon's purpose is to recover the property, then he is asking for the state court judgment to be set aside, and the *Rooker-Feldman* doctrine bars subject-matter jurisdiction. *See Amaya v. Pitner*, 130 F.App'x 25, 27 (7th Cir. 2005) (affirming dismissal where plaintiff sought to recover property after a state court foreclosure judgment because "the premise of [plaintiff's] suit to recover the property is necessarily that the foreclosure judgment was erroneously entered. The district court could not give her the relief she seeks without in effect reviewing and disregarding the state court's judgment.").

Shannon does not respond to any of defendants' arguments and does not argue that he lacked a reasonable opportunity to address his claim in the state court proceedings. His response brief is styled as an amended complaint, but its substance is nearly identical to that of the operative complaint. The only substantive difference is that he alleges that the offending assignment occurred on December 30, 2016, which is after the state court judgment was entered. I am skeptical of an allegation that, after the mortgage on the property was foreclosed

5

and the property was sold, Shannon reobtained an interest in the property and a different mortgage was also assigned to defendants. But in any event, Shannon may not amend the complaint in his briefing on the motion to dismiss, and the operative complaint refers to a pre-foreclosure assignment. Because an Illinois state court entered judgment for foreclosure and sale of the property after the allegedly defective assignment, and Shannon provides no indication that he could not challenge that assignment in those state court proceedings, the motion to dismiss is granted. The complaint is dismissed as to all defendants for lack of federal jurisdiction.

### B. The 12(b)(6) Motion

Even if subject-matter jurisdiction were present, the complaint would be dismissed as to defendants Bank of America and Countrywide for failure to state a claim. The complaint alleges that defendants failed to obtain authorization from "beneficiaries," alternately referring to beneficiaries of the mortgage and beneficiaries of a trust, but it does not identify the trust or the beneficiaries. Presumably, the complaint is referring to Shannon, the borrower under the mortgage. But defendants argue that Shannon, as a nonparty to the assignment contracts, lacks standing to challenge the assignments. *See Bank of Am. Nat. Ass'n v. Bassman FBT, L.L.C.*, 2012 IL App (2d) 110729, ¶ 15, *as modified on denial of reh'g* (Dec. 7, 2012) ("[T]he prevailing rule is that, barring third-party beneficiary status, a litigant lacks standing to attack an assignment to which he or she is not a party."). Because the complaint does not allege facts sufficient to show that

Shannon is a third-party beneficiary to the assignments at issue, he cannot pursue his claims and invalidate those assignments.

The complaint suffers from other deficiencies, as well. For example, it fails to state a claim for fraudulent concealment, because it does not provide the factual support necessary to infer that defendants "intentionally omitted or concealed a material fact that [they were] under a duty to disclose to the plaintiff." *Wigod v. Wells Fargo Bank, N.A.*, 673 F.3d 547, 571 (7th Cir. 2012). And as defendants note, it does not meet the heightened pleading standard of Federal Rule of Civil Procedure 9(b), which requires that plaintiffs alleging fraud must state with particularity the circumstances of such fraud—"the who, what, when, where, and how." *Wigod*, 673 F.3d at 569 (citing *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs., Inc.*, 536 F.3d 663, 668 (7th Cir. 2008)). The complaint also fails to provide any explanation for the claim under the Fair Housing Act, besides alleging in conclusory fashion that defendants "violated the Fair Housing Act." The complaint does not provide enough facts to give defendants fair notice of the claims against them.

As noted above, Shannon's response brief is styled as an amended complaint, and the only substantive change is that the allegedly defective assignment occurred on December 30, 2016. The changing date would not cure the deficiencies noted by defendants, and instead underscores the fact that defendants do not have fair notice

7

of the claims against them. Therefore, even if Shannon's claims were not barred by the *Rooker-Feldman* doctrine, they would fail under Rule 12(b)(6).[3]

## IV. Conclusion

Defendants' motion to dismiss, [10], is granted. The complaint is dismissed without prejudice for lack of federal jurisdiction.[4] The Clerk shall enter final judgment and terminate this case.

ENTER:

Manish S. Shah
United States District Judge

Date: July 7, 2017

---

[3] Defendants also seek dismissal of the claims against them because the complaint does not explicitly allege any actionable conduct with respect to them. As defendants' documents show, the date alleged in the complaint predates the original mortgage by three years, and MERS never assigned the mortgage directly to U.S. Bank. MERS did, however, assign the mortgage on April 12, 2011 to an entity affiliated with Bank of America and Countrywide, and after a series of assignments, the mortgage was eventually assigned to U.S. Bank, in its capacity as trustee of a trust. It can be reasonably inferred that Shannon's claims are based on every assignment in that chain. Read liberally, the complaint alleges that all named defendants, including Bank of America and Countrywide, failed to get authorization from certain unidentified parties before assigning the mortgage. The complaint will not be dismissed for failing to explicitly allege defendants' involvement or misidentifying the relevant assignment. Whether the complaint plausibly states a claim for relief against defendants is a different issue. As discussed above, it does not.

[4] When the *Rooker-Feldman* doctrine applies, the dismissal is for lack of federal jurisdiction, and is without prejudice on the merits of the claims. *Frederiksen v. City of Lockport*, 384 F.3d 437, 438 (7th Cir. 2004).

8